Cheryl L. Schreck (SBN 130083)
E-Mail: cschreck@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
R&L CARRIERS SHARED SERVICES, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON YOUNG, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>R&L CARRIERS SHARED SERVICES, L.L.C., a California Corporation; and DOES 1 through 100, inclusive,<br><br>            Defendant. | CASE NO.:<br><br>**DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>*[Filed Concurrently with Civil Cover Sheet; Notice of Related Cases; Certificate of Interested Parties; Declarations of Cheryl L. Schreck and James Fishpaw in support of Notice of Removal]*<br><br>Complaint Filed:   February 10, 2026 |

DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

FP 62321997.1

**TO PLAINTIFF TRAVON YOUNG AND HIS COUNSEL OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISCTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant R&L CARRIERS SHARED SERVICES, L.L.C. ("Defendant"), through its counsel of record, submits this notice of removal of the action by Plaintiff TRAVON YOUNG ("Plaintiff") from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453.  The grounds for removal are as follows:

### I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, and demonstrated in detail below.

### II.   VENUE

2.   This action was filed in the Superior Court of the State of California for the County of Los Angeles.  Thus, venue properly lies in the United States District Court for the Central District of California.  U.S.C. § 84(c), 1391, and 1441.

### III.   PLAINTIFF'S COMPLAINT AND SERVICE OF SAME

3.   This lawsuit arises from the purported wrongful termination of the employment of Plaintiff by Defendant.  On February 10, 2026, Plaintiff commenced an action in the Superior Court of the State of California in and for the County of Los Angeles against Defendant styled *Travon Young v. R&L Carriers Shared Services, L.L.C.,* Case No. 26PSCV00485 (hereinafter referred to as the "State Court Action").  A true and correct copy of the State Court Action is attached as Exhibit A to the Declaration of Cheryl L. Schreck (hereinafter "Schreck Dec.") filed concurrently herewith.  *See* Schreck Dec. at ¶ 3.

4.   On February 23, 2026, Plaintiff served via process server, a copy of the

FP 62321997.1

summons and complaint as well as related papers on Defendant through its registered agent for service of process, C T Corporation. *See* Declaration of James Fishpaw ("Fishpaw Dec."), filed concurrently herewith at ¶ 2.

5. Apart from the summons and complaint, the only other pleading that has been filed in the State Court Action is Defendant R&L Carriers Shared Services, L.L.C. Answer and Affirmative Defenses to Plaintiff Travon Young's Complaint. A copy of Defendant R&L Carriers Shared Services, L.L.C.'s Answer and Affirmative Defenses to Plaintiff Travon Young's Complaint is attached as Exhibit B to the Schreck Dec., filed concurrently herewith. Schreck Dec. at ¶ 4. No other pleadings have been filed in the State Court Action, and no proceedings have been held therein. Schreck Dec. at ¶ 4.

## IV.    TIMELINESS OF REMOVAL

6. This removal is timely under 28 U.S.C. section 1446 in that the removal was sought within thirty (30) days after service of the summons and complaint on Defendant. 28 U.S.C. § 1446(b). In addition, this notice of removal was filed within one year of the commencement of the State Court Action as required by 28 U.S.C. § 1446(b). *See* Exhibit A to the Schreck Dec., filed concurrently herewith.

## V.    DIVERSITY OF CITIZENSHIP

7. This action may be removed based on diversity of citizenship jurisdiction. Specifically, this is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizen of different states. *See* U.S.C. § 1332(a).

## VI.    COMPLETE DIVERSITY

8. At all relevant times, Plaintiff was a resident and citizen of the State of California. *See* ¶ 1 of Plaintiff's Complaint which is attached as Exhibit A to Schreck Dec., filed concurrently herewith. Natural persons are domiciled in the place they reside with the intent to remain or which they intend to return. *Adams v. W Marine Prods.*, 958 F.3d

3
DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

FP 62321997.1

1216, 12221 (9th Cir. 2020). Domicile once acquired is presumed to continue until it is shown to have been changed. *Mondragon v. Cap One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013). Furthermore, the "place where a person lives is taken to be his domicile until facts adduced establish to the contrary." *Dixon v. Perry*, No. 2:25-cv-09112-JFW-SKx, US Dist. LEXIS 264420 at *8, (C.D. Cal. Dec. 12, 2025) *quoting NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 660, 615 (9th Cir. 2016)). Thus, for purposes of removal based on diversity, "a person's state of residence is presumptively considered their state of citizenship." *Dixon*, 2025 U.S. Dist. LEXIS 264420 at *8 (*quoting Hernandez v. N. Am., Inc.*, No. 8:25-cv-00276-FWS-ADS), 2025 U.S. Dist. 56485 at *8 (C.D. Cal. Dec. 12, 2025)); *see Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1228 (C.D. Cal. 2019) (where Plaintiff alleged he was a resident of California in the complaint, defendant's notice of removal met burden to survive motion for remand by alleging on information and belief that plaintiff is a citizen of California, where plaintiff did not challenge defendant's allegation factually). Plaintiff therefore is a citizen of the state of California. See 28 U.S.C. section 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

9. Defendant currently is, and was at the time of the filing of this action and the notice of removal, an entity incorporated in the state of Ohio, with its principal place of business in Wilmington, Ohio. *See* Fishpaw Dec. at ¶¶ 3-4. Its administrative functions including but not limited to human resources, safety, sales, legal, and partner relations take place primarily out of its Wilmington, Ohio headquarters. *Id.* Virtually all of Defendant's corporate executives and officers work in the company's Wilmington, Ohio headquarters. *See* Fishpaw Dec. at ¶ 5. Those officers set corporate policy for Defendant. *Id.* As such, Defendant is a citizen of the state of Ohio.

10. Moreover, Defendants DOES 1-50 are fictitious. Plaintiff's Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegations against any fictitious defendants. Thus, pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of

4
DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

FP 62321997.1

citizenship between parties in this action. *See Newcomb v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

11.   Because Plaintiff's California citizenship is distinct from Defendant's citizenship, which is Ohio, complete diversity exists between the parties. *See* U.S.C. § 1332(a).

### VII.   **AMOUNT IN CONTROVERSY**

12.   The amount in controversy may be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint"); *Cohn v. PetSmart, Inc.,* 281 F.3d 837, 839-40, n. 2 (9th Cir. 2002)(considering settlement demand letter for purposes of determining amount in controversy).

13.   Based on Plaintiff's allegations, there is no doubt that Plaintiff seeks more than $75,000 in damages.  Plaintiff claims, among other things, that Defendant discriminated against him because of his disability, failed to accommodate and engage in the interactive process with him, retaliated against and wrongfully terminated him for taking FMLA/CFRA leave due to his health condition and for requesting reasonable accommodation for his disability, and failed to engage in a good faith interactive process with him. *See* ¶¶ 12, 14, 19-20, 34-35 43, 50-54, and 62-65 of Plaintiff's Complaint which is attached to the Schreck Dec., filed concurrently herewith, as Exhibit A.  Accordingly, Defendant may be liable to Plaintiff for, and he seeks against Defendant, past and future lost wages and benefits, as well as emotional distress, medical expenses, punitive damages, and attorneys' fees. *See* ¶¶ 29-30, 36-38, 46, 57-58, 66-69, and 72 of Plaintiff's Complaint which is attached to the Schreck Dec., filed concurrently herewith, as Exhibit A.

14.   Plaintiff will more likely than not claim past lost wages and benefits through trial.  Schreck Dec. at ¶ 6.  As of June 12, 2024, the date on which Plaintiff claims

Defendant wrongfully terminated his employment, Plaintiff earned an hourly rate of $35.94 per hour as a full-time driver. *See* Fishpaw Dec. filed concurrently herewith at ¶ 7. Given that Plaintiff alleges Defendant terminated him as of June 12, 2024, it has been approximately 92 weeks since Plaintiff termination. From January 1, 2024, through his termination date of June 12, 2024 (i.e., approximately 24 weeks), Plaintiff earned W-2 earnings of $37,101.60 or $1,545.90 per week (i.e., $37,101.60 divided by 24). *Id.* Assuming Plaintiff made the same amount in the 92 weeks since his termination that he earned during the first 24 weeks of 2024, Plaintiff's past lost wages to date, not even including the value of lost employment benefits, is $142,222.80 (*i.e.*, $1,545.90 per week multiplied by 92 weeks since termination). *See* Schreck Dec. at ¶ 6; *see also* Plaintiff's Complaint at ¶ 11, which is attached to Schreck Dec. as Exhibit A.

15.    Therefore, Plaintiff's purported past lost wages to date (not even taking into consideration future lost wages and past and future lost employee benefits) well exceed $75,000 and, in fact, may be much more through trial. Schreck Dec. at 7. This is not even factoring in emotional distress and/or punitive damages, attorneys' fees, and costs, which Plaintiff seeks in connection with all of the claims he has asserted in his complaint. Schreck Dec. at ¶ 7. In sum, although no specific figure is set forth in the Complaint, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

16.    Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441(a), the State Court Action may be removed to the United States District Court for the Central District of California in that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest, and there was, at the time the action was filed, and there is now at the time of the filing of the notice of removal, diversity of citizenship between Plaintiff and Defendant.

///

///

///

DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

FP 62321997.1

## VIII.  **CONCLUSION**

17.   For all of the above reasons, the State Court Action is removable to this Court under 28 U.S.C. §§ 1441(a) and (b) and 1446.

Dated: March 24, 2026              FISHER & PHILLIPS LLP


By:/s/ *Cheryl L. Schreck*
     Cheryl L. Schreck
     Attorneys for Defendant
     R&L CARRIERS SHARED SERVICES, L.L.C.

DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

FP 62321997.1

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies under penalty of perjury under the laws of the state of California that, on March 24, 2026, she caused to be served on the person(s) listed below in the manner shown:

**DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

| | |
|---|---|
| Onyebuchi Okeke, Esq., SBN 338730<br>Kenneth Myers, Esq., SBN 207103<br>Lawyers for Employee and Consumer Rights<br>3500 West Olive Avenue, Third Floor<br>Burbank, CA 91505 | *Attorneys for Plaintiff, Travon Young*<br><br>Tel:     (323) 375-5101<br>Fax:     (323) 306-5571<br>Email:  ookeke@lfecr.com<br>            kmyers@lfecr.com |

☒    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒    **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

Dated at Los Angeles, California, March 24, 2026.

*/s/ Amy Stark*
Amy Stark

FP 62321997.1